RECEIVED
IN LAKE CHARLES, LA.

DEC -5 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13 CR 00057-007 |
| VS. | : | JUDGE MINALDI |
| JEFFERY LYNN THOMPSON | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Objections numbered 1, 2, 8, 9 and 10 do not impact guidelines calculations and do not require a ruling by the court.

In objection number 3, the defendant objects to the amount of loss calculated by the Probation Department. The defendant has pleaded guilty to fictitious obligations pursuant to 18 U.S.C. §514(a)(2). In determining the amount of loss pursuant to USSG § 2B1.1(b)(1), the commentary to the Guidelines provides that "loss is the greater of actual loss or intended loss." USSG § 2B1.1, comment n.3(A). "Actual loss" is the reasonably foreseeable pecuniary harm that resulted from the offense. *Id.* at n. 3(A)(i). "Intended loss" is "the pecuniary harm that was intended to result from the offense." *Id.* at n. 3(A)(ii). *United States v. Harris*, 597 F.3d 242, 247 ( 5th Cir. 2010).

As noted by Probation, the intended loss in this case is the amount of the two checks cashed by the defendant, plus the check he attempted to cash. The fact that Thompson was unsuccessful in

cashing the third check does not mean that it should not be included in determining the amount of intended loss. The intended loss was correctly calculated to be $6,784.58. This objection is overruled.

In following the ruling on objection number 3, objections 4, 5, 6 and 7 are also overruled.

Lake Charles, Louisiana, this _5_ day of December, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2